**BRAIN INJURY RIGHTS GROUP, LTD.**
300 East 95th Street, Suite #130
New York, NY 10128

February 5, 2020



FEB 1 0 2020

**VIA ECF**
Hon. Alison J. Nathan, U.S.D.J.
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: <u>Collado, et al. v. NYC Dept. of Education</u>, 19-cv-2943 (AJN)

Dear Judge Nathan:

I am counsel for Plaintiffs in the above-referenced action. On behalf of Plaintiffs, I write to respectfully respond to Defendant's opposition ("Opposition Letter") by letter dated February 5, 2020 (ECF Document 36) to Plaintiff's request for an order scheduling a status conference concerning Plaintiffs' pending preliminary injunction motion, filed on July 29, 2019 (ECF Document 16).

As an initial matter, Defendant's reference to three pending matters before the Second Circuit Court of Appeals ("Second Circuit") as a basis for not ruling on the pending motion for a preliminary injunction ignores three important facts. One, the disabled student in this case, C.M., is entitled to an automatic preliminary injunction for pendency as directly held by the Second Circuit itself. *Zvi D. v. Ambach*, 694 F.2d 904, 906 (2d Cir. 1982) ("This [pendency] provision is, in effect, an *automatic* preliminary injunction."); *see also Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006) ("Pendency has the effect of an automatic injunction, which is imposed without regard to such factors as irreparable harm, likelihood of success on the merits, and a balancing of the hardships."). Two, pendency is a procedural right, concerning which "access to **immediate** interim relief is essential for the vindication of this particular IDEA right." *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 200 (2d Cir. 2002). (emphasis added); *see also A.S. ex rel. P.B.S. v. Bd. of Educ. for Town of W. Hartford*, 47 F. App'x 615, 616 n.2 (2d Cir. 2002) ("Under the IDEA, a 'stay put' is a procedural right."). Three, while oral argument concerning the three referenced matters pending before the Second Circuit was held on January 28, 2020, *decisions* concerning these matters may not be issued for several months, in which case C.M. would have been effectively denied her right to pendency for *two* years. Such a result would be the antithesis of an automatic preliminary injunction. *See Zvi D., supra*, 694 F.2d at 906.

Also, Defendant's reliance on an argument that "there is no risk of any actual or imminent harm based on the student's withdrawal [from school]" is misplaced. Opposition Letter, at p. 2. This argument is merely an attempt to backdoor the traditional preliminary injunction standard, specifically the irreparable harm component, into this case. To the contrary, as Your Honor found in the matter of *Abrams, et al. v. Carranza, et al.*, 19 CV 4175 (AJN), Opinion & Order, ECF Docket No. 26 (S.D.N.Y. June 6, 2019):

"In the pendency context, however, the preliminary injunction analysis is truncated, and plaintiffs need not demonstrate that each of the ordinary preliminary injunction elements are met. The Second Circuit has described Section 1415(j)'s pendency provision as an "automatic preliminary injunction" that "substitutes an absolute rule in favor of the status quo for the court's discretionary consideration of the factors of irreparable harm and either a likelihood of success on the merits or a fair ground for litigation and a balance of hardships." Zvi D. by Shirley D. v. Ambach, 694 F.2d 904, 906 (2d Cir. 1982). In other words, the enforcement of the pendency provision is automatic and should occur without regard to such factors as irreparable harm, likelihood of success on the merits, and balancing of the hardships. Id." *Abrams, supra,* Opinion & Order, ECF Docket No. 26, at **6, 10-11 (emphasis added).

Thus, Defendant's argument fails as a matter of law.

Defendant, not content with making ill-fated arguments opposing Plaintiffs' application, takes its incorrect position a step further by affirmatively requesting what would be, in effect, *a stay of the pending preliminary injunction motion, if not the entire case*, as Defendant "requests that the Court await guidance from the Circuit before making a final ruling on Plaintiffs' preliminary injunction motion." Opposition Letter, at p. 2. Defendant's request for a stay contradicts well-established law that a stay is the equivalent of *denying* a pending motion for a preliminary injunction *without consideration thereof.* See, e.g., P&G v. Kraft Foods Global, Inc., 549 F.3d 842, 850 (Fed. Cir. 2008) ("The district court abused its discretion by imposing a stay that effectively denied P&G's motion for a preliminary injunction without considering the merits of that motion."). Because C.M. is entitled to an automatic preliminary injunction for pendency and the need for immediate relief is essential for vindication of the right itself, the principle against issuing a stay where there is a pending motion for a preliminary injunction carries even more weight with respect to pendency. *Murphy, supra,* 297 F.3d at 200 (2d Cir. 2002).

In light of the foregoing, Defendant's application for a stay should be denied in its entirety, and Plaintiffs' motion for a conference should be granted. Alternatively, Plaintiffs request a decision on the merits of their pending motion for a preliminary injunction, on the papers, at the Court's earliest convenience.

Plaintiffs thank the Court for its time and consideration.

> Defendant's request that the Court await guidance from the Second Circuit before making a final ruling on Plaintiffs' preliminary injunction motion and Plaintiffs' request for a conference are both denied. The Court will decide Plaintiffs' motion on the merits in due course.
> SO ORDERED.

Respectfully Submitted,

/S

Karl J. Ashanti

2/7/20

SO ORDERED:

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

cc: Ian W. Forster, Esq. (via ECF)