USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/29/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Lisa Collado, as Parent and Natural Guardian of C.M., and Lisa Collado, Individually,

Plaintiffs,

–v–

New York City Department of Education,

Defendant.

19-cv-2943 (AJN)

OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

Plaintiff Lisa Collado, proceeding individually and on behalf of her child C.M., seeks a preliminary injunction ordering Defendant New York City Department of Education ("DOE") to fund C.M.'s pendency placement at the International Institute for the Brain ("iBRAIN") for the 2018–2019 school year. For the reasons that follow, the Court DENIES Plaintiffs' motion.

I.   BACKGROUND

C.M. is a 9-year-old student who suffers from global developmental impairments as a result of an acquired brain injury. Dkt. No. 19 ¶ 1. This action arises out of C.M.'s parent's effort, individually and on C.M.'s behalf, to secure funding for an educational placement suitable to C.M.'s intensive management needs.

   A.   Statutory and Regulatory Background

Under the Individuals with Disabilities Education Act ("IDEA"), local educational agencies like DOE are responsible for making a Free Appropriate Public Education ("FAPE") available within their jurisdictions to children with disabilities between the ages of 3 and 21. 20 U.S.C. § 1412(a)(1). To ensure that qualifying children receive such a FAPE, "a school district

must create an individualized education program ('IEP') for each such child." *M.O. v. N.Y.C. Dep't of Educ.*, 793 F.3d 236, 239 (2d Cir. 2015) (quoting *R.E. v. N.Y.C. Dep't of Educ.,* 694 F.3d 167, 175 (2d Cir.2012)).

The IDEA also "requires participating States to develop an administrative review process for parents who are dissatisfied with their child's education and wish to challenge the adequacy of the child's IEP." *Ventura de Paulino v. New York City Dep't of Educ.*, --- F.3d ----, No. 19-1662, 2020 WL 2516650, at *3 (2d Cir. May 18, 2020). New York's administrative review process is two-tiered. First, parents may file an administrative "due process complaint" "challenging the IEP and requesting a hearing before an impartial hearing officer." *Id.* If they receive an unfavorable decision from the impartial hearing officer ("IHO"), they may appeal that decision to a state review officer ("SRO"). *Id.* An aggrieved party may then seek judicial review of a decision of an SRO in state or federal trial court. *Id.*

While the administrative and judicial proceedings described above are ongoing, under the "pendency" or "stay-put" provision of the IDEA, "unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child." 20 U.S.C. § 1415(j). The purpose of this provision is to "provide stability and consistency in the education of a student with a disability," *Arlington Cent. Sch. Dist. v. L.P.*, 421 F. Supp. 2d 692, 696 (S.D.N.Y. 2006), and to maintain "the educational status quo while the parties' dispute is being resolved," *T.M. ex rel. A.M. v. Cornwall Cent. Sch. Dist.*, 752 F.3d 145, 152 (2d Cir. 2014).

"Parents who are dissatisfied with their child's education can 'unilaterally change their child's placement during the pendency of review proceedings' and can, for example, 'pay for private services, including private schooling.'" *Ventura de Paulino*, 2020 WL 2516650, at * 4

(citations omitted). After the IEP dispute is resolved, they may obtain "retroactive reimbursement" from the school district if they satisfy the so-called *Burlington-Carter* test. *Id.* The *Burlington-Carter* test permits reimbursement under these circumstances where "'(1) the school district's proposed placement violated the IDEA' by, for example, denying a FAPE to the student because the IEP was inadequate; (2) 'the parents' alternative private placement was appropriate'; and (3) 'equitable considerations favor reimbursement.'" *Id.* (quoting *T.M.*, 752 F.3d at 152).

### B.     Factual Background

The pertinent facts of this case are not in dispute and are drawn from the parties' submissions. Plaintiffs' request for a preliminary injunction arises out of issues concerning C.M.'s placement for the 2018–2019 school year. However, a review of C.M.'s placements for prior school years is necessary to resolve the issue now before the Court.

#### 1.     2016–2017 School Year

On August 17, 2016, DOE created an IEP for C.M. for the 2016–2017 school year but did not identify a school that could implement that IEP. Dkt. No. 19 ¶ 3. That same day, C.M.'s parent sent the required 10-day notice to DOE, advising it that if it did not make an appropriate placement recommendation, C.M. would attend iHOPE, a private institution, for the 2016–2017 school year. *Id.* ¶ 4; *see also* 34 C.F.R. § 300.148. In response to that 10-day notice, DOE entered into a stipulation with C.M.'s parent to fund iHOPE for the 2016–2017 school year. Dkt. No. 19 ¶ 5.

#### 2.     2017–2018 School Year

On June 20, 2017, C.M.'s parent sent another 10-day notice to DOE informing it that if it did not make an appropriate placement recommendation, C.M. would again attend iHOPE for the

2017–2018 school year. *Id.* ¶ 7. C.M. received all of her academic and related services at iHOPE for the 2017–2018 school year. *Id.* ¶ 9.

On January 12, 2018, about halfway through that school year, C.M.'s parent initiated an administrative due process complaint against DOE regarding the 2017–2018 school year, claiming that DOE failed to provide C.M. with a FAPE due to, among other reasons, its failure to recommend an educational program and placement for her for that school year. *Id.* ¶ 8. IHO Judith Kramer denied all of C.M.'s parent's requests for relief in her Findings of Fact and Decision dated June 20, 2018. *Id.*

C.M.'s parent appealed IHO Kramer's decision to the SRO, and on May 8, 2019, the SRO partially reversed IHO Kramer, finding that iHOPE was an appropriate placement for C.M. for the 2017–2018 school year and ordering tuition reimbursement. *Id.* ¶ 20.

### 3. 2018–2019 School Year

On June 21, 2018, C.M.'s parent provided DOE with another 10-day notice informing it that absent an appropriate placement recommendation, C.M. would attend iBRAIN, a new private institution, for the 2018–2019 school year. *Id.* ¶ 10. On July 9, 2018, C.M.'s parent initiated a second due process complaint against DOE, claiming that it failed to provide C.M. with a FAPE for the 2018–2019 school year and requesting, among other things, a pendency, or stay-put, order requiring DOE to fund C.M.'s placement at iBRAIN during the pendency of the due process proceeding. *Id.* ¶ 11. That same day, C.M. began attending iBRAIN, at which she received all her academic and related services during the 2018–2019 school year. *Id.* ¶¶ 12–13.

The due process proceeding for the 2018–2019 school year was again assigned to IHO Kramer. *Id.* ¶ 14. In an Interim Order on Pendency dated November 12, 2018, IHO Kramer denied C.M.'s parent's request for pendency at iBRAIN but did not make a final determination

as to C.M.'s pendency. *Id.* ¶ 16. C.M.'s parent appealed that decision to the SRO, and on January 23, 2019, the SRO found that an April 2016 IEP constituted the basis for C.M.'s pendency placement. *Id.* ¶ 18.

In light of the subsequent May 8, 2019 SRO decision discussed above, DOE concedes that iHOPE now constitutes C.M.'s pendency placement. *See* Dkt. No. 28 at 6.

### C. Procedural Background

Plaintiffs filed this action in federal court on April 2, 2019, alleging that DOE's failure to provide C.M. with a pendency placement violated her rights under federal and New York education law and requesting that this Court order DOE to fund C.M.'s pendency placement at iBRAIN for the 2018–2019 school year. *See* Compl. ¶¶ 29–30, Prayer for Relief. Plaintiffs then filed the motion for a preliminary injunction now before the Court, which was fully briefed by September 7, 2019. *See* Dkt. Nos. 16–17, 19, 28–29. Both parties have since filed letters identifying purported supplemental authority, which the Court has also reviewed. *See* Dkt. Nos. 32–34.

The Court held a scheduling conference on the preliminary injunction motion on August 2, 2019. At that conference, the parties represented to the Court that they did not believe an evidentiary hearing on the motion to be necessary because no material facts are in dispute. *See* Dkt. No. 30 at 10:9–14. Accordingly, the Court decides this motion on the papers.

## II. DISCUSSION

Plaintiffs argue that they are entitled to pendency funding for C.M.'s placement at iBRAIN either because the educational program iBRAIN provided during the 2018–2019 school year is substantially similar to that C.M. received at iHOPE —her last agreed upon placement pursuant to the May 8, 2019 SRO decision—for the 2017–2018 school year, or because iBRAIN

constitutes C.M's "operative placement" because she was enrolled there when C.M.'s parent instituted the administrative proceedings challenging C.M.'s IEP for the 2018–2019 school year.

The Second Circuit's recent decision in *Ventura de Paulino v. New York City Dep't of Educ.*, --- F.3d ----, No. 19-1662, 2020 WL 2516650 (2d Cir. May 18, 2020)—which was decided while this motion was pending—forecloses both of these arguments. In *Ventura de Paulino*, the Second Circuit rejected both the substantial similarity and operative placement arguments advanced by Plaintiffs here and concluded that "parents who unilaterally enroll their child in a new private school and challenge the child's IEP are [not] entitled to public funding for the new school during the pendency of the IEP dispute." *Id.* at 2; *see also id.* at 2–3, 9–12. This is so "because it is generally up to the school district to determine how an agreed-upon program is to be provided during the pendency of the IEP dispute." *Id.* at 3.

Applying *Ventura de Paulino* to the instant dispute, the Court concludes that "when [C.M.'s parent] unilaterally enrolled [C.M] at iBRAIN, [she] did so at [her] own financial risk." Accordingly, Plaintiffs' motion for a preliminary injunction ordering DOE to fund C.M.'s pendency placement at iBRAIN for the 2018–2019 school year is DENIED.

In addition, the Court agrees with DOE that Plaintiffs' action should be dismissed as a matter of law. *See* Dkt. No. 28 at 2. Indeed, *Ventura de Paulino* "mandates this result." *See Navarro Carrillo v. New York City Dep't of Educ.*, No. 20-cv-1657 (ARR), 2020 WL 2542236, at *2 (E.D.N.Y. May 19, 2020). Because "[t]he IDEA's stay-put provision is not a vehicle by which they may seek public funding for their unilateral decision. . . , [P]laintiffs have failed to state a claim upon which relief can be granted." *Id.* (citation omitted). Though the Complaint also asserts a cause of action under the New York Education Law, *see* Dkt. No. 3 ¶ 29, "[a]bsent the federal claim brought pursuant to the IDEA," this Court "lack[s] subject matter jurisdiction to

adjudicate the state-law claims," *Navarro Carrillo*, 2020 WL 2542236, at *2; *see* 28 U.S.C. §§ 1331, 1367.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' request for a preliminary injunction and DISMISSES this action.

This resolves Dkt. Nos. 16 and 21.  The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: May 28, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge