USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

Lisa Collado, as Parent and Natural Guardian of C.M., and Lisa Collado, Individually,

Plaintiffs,

–v–

New York City Department of Education,

Defendant.

19-cv-2943 (AJN)

MEMORANDUM OPINION & ORDER

---

ALISON J. NATHAN, District Judge:

Lisa Collado, proceeding individually and on behalf of her child C.M., moves for reconsideration of the Court's May 28, 2020 Opinion & Order, Dkt. No. 39 ("May 28 Decision"), in which the Court denied Plaintiffs' request for a preliminary injunction and dismissed the action. For the reasons that follow, Plaintiffs' motion for reconsideration is DENIED.

## I.  BACKGROUND

The factual and procedural history of this case is set forth in the May 28, 2020 Opinion and Order. Familiarity is otherwise presumed, and the background section of that Opinion is incorporated here. *See id.* at 1–5.

Briefly, Plaintiffs filed this action in federal court on April 2, 2019, alleging that DOE's failure to provide C.M. with a pendency placement violated her rights under federal and New York education law and requesting that this Court order DOE to fund C.M.'s pendency placement at iBRAIN for the 2018–2019 school year. *See* Compl. ¶¶ 29–30, Prayer for Relief. Plaintiffs then filed a motion for a preliminary injunction which sought to enjoin Defendant New

York City Department of Education ("DOE") to fund C.M.'s pendency placement at the International Institute for the Brain ("iBRAIN") for the 2018–2019 school year. *See* May 28 Decision at 1.

In its May 28, 2020 Opinion & Order, the Court noted that *Ventura de Paulino v. New York City Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020), which the Second Circuit decided while the motion for a preliminary injunction was pending, foreclosed Plaintiffs' two primary arguments. *See* May 28, 2020 Decision at 6. Thus, the Court denied the motion for a preliminary injunction, and in doing so agreed with DOE that Plaintiffs' action should be dismissed as a matter of law. *See* May 28 Decision at 6; *see also* Dkt. No. 28 at 2. The Court accordingly dismissed the action and directed the Clerk of Court to close the case.

Plaintiff filed the present motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. Dkt. No. 40. The motion is fully briefed. *See* Dkt. Nos. 42, 43.

## II.     LEGAL STANDARD

A motion for reconsideration should be granted only if the movant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (citation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Corines v. Am. Physicians Ins. Tr.*, 769 F. Supp. 2d 584, 594 (S.D.N.Y. 2011). "Reconsideration of a previous order by the court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys., Inc.*

*Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  A motion for reconsideration is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).  The standard for granting a motion for reconsideration "is strict and reconsideration is generally denied."  *Weiss v. City of New York*, 2003 WL 21414309, at *1 (S.D.N.Y. June 19, 2003).

### III.  DISCUSSION

Plaintiffs premise their motion for reconsideration on the theory that the Second Circuit's decision in *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, No. 19-1662 (2d Cir.) and *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, No. 19-1813 (2d Cir.) was not yet binding because the mandates in those cases had not yet issued.  *See* Dkt. No. 41 ("Pl. Br.") at 4–5.  Thus, Plaintiffs argue that the Court erred as a matter of law when it based its denial of Plaintiffs' motion and dismissal of the case on the basis that the Second Circuit's Opinion foreclosed Plaintiffs' arguments.  *See* May 28 Decision at 6.  They argue that "[w]hile a decision of the circuit court is controlling within that circuit, it is not final until the issuance of the related mandate."  Pl. Br. at 4.  Their reasoning is wrong on the merits, and, in any event, the basis for the motion for reconsideration is now moot.

As an initial matter, Plaintiffs cite no authority for the proposition that this Court may disregard an opinion by the Second Circuit merely because the mandate has not yet issued.  As the Second Circuit has observed, "[a] decision of a panel of this Court is binding *unless and until it is overruled* by the Court *en banc* or by the Supreme Court."  *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995).  The mere fact that a mandate has not yet issued or that the non-prevailing

3

party intends to petition for a rehearing does not render the panel decision any less binding. *See Navarro Carrillo v. New York City Dep't of Educ.*, No. 20-CV-1657 (ARR) (RLM), 2020 WL 3867137, at *2 (E.D.N.Y. July 9, 2020) (collecting cases); *S.E.C. v. Amerindo Inv. Advisors, Inc.*, No. 05-CV-5231 (RJS), 2014 WL 405339, at *4 (S.D.N.Y. Feb. 3, 2014) ("The issuance of the mandate is relevant only to the transfer of jurisdiction from the Circuit to [the district court] . . . [and] has nothing to do with an opinion's precedential authority[.]"), *aff'd sub nom. S.E.C. v. Amerindo Inv. Advisors*, 639 F. App'x 752 (2d Cir. 2016).

Arguing otherwise, Plaintiffs attempt to rest their argument on the basis that the Advisory Committee Notes to the 1998 Amendments of the Federal Rules of Appellate Procedure state that "[a] court of appeals' judgment or order is not final until issuance of the mandate; at that time the parties' obligations become fixed." *See* Pl. Br. at 4. But in arguing as much, Plaintiffs misperceive the nature of the mandate, which "is to bring the proceedings in a case on appeal in our Court to a close and to remove it from the jurisdiction of this Court, returning it to the forum whence it came." *Ostrer v. United States*, 584 F.2d 594, 598 (2d Cir. 1978). Contrary to their assertion, an opinion becomes precedential authority when it is issued, regardless of the fact that the mandate issues only later. *See In re Dow Jones & Co., Inc.*, 98 Misc. 8-85 (PKL), 1998 U.S. Dist. LEXIS 19635, at *8–9 (S.D.N.Y. Dec. 16, 1998) (noting that the binding force of *Gonzales v. Nat'l Broad. Co., Inc.*, 155 F.3d 618 (2d Cir. 1998), was "not changed by Dow Jones's observation that, pursuant to Fed. R. App. P. 41, the mandate of *Gonzales* will not issue until the disposition of NBC's petition for rehearing[.]"). Thus, the Court did not err when it observed that it was bound to follow *Ventura de Paulino* as binding precedent.[1]

---

[1] Plaintiffs also cite a number of cases in which district courts—including this Court—stayed proceedings at the request of the parties pending the resolution of the petition for a rehearing *en banc* in *Ventura de Paulino*. Pl. Br. at 5. But the fact that district courts, in their discretion,

In any event, Plaintiffs' motion for reconsideration is now moot. Since this motion was filed, the Second Circuit denied rehearing of *Ventura de Paulino*, issued its mandate, and subsequently denied a motion to stay or recall the mandate. *See* No. 19-1662 (2d Cir.), Dkt. Nos. 169 (denying rehearing on June 22, 2020), 169 (issuing mandate), 179 (denying motion). Furthermore, the Supreme Court denied the petition for a writ of *certiorari* on January 11, 2021. *See Ventura de Paulino v. NYC Dep't of Educ.,* No. 20-713, --- S.Ct. ----, 2021 WL 78218 (U.S. Jan. 11, 2021). In *Navarro Carrillo*, meanwhile, the Second Circuit denied a motion to stay the mandate and issued the mandate on July 13, 2020. *See* No. 19-1813 (2d Cir.), Dkt. Nos. 150 (denying the motion to stay mandate), 151 (issuing mandate).

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for reconsideration. This resolves Dkt. No. 40.

SO ORDERED.

Dated: March 10, 2021
        New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

stayed those matters has no bearing on the precedential authority of the Second Circuit's panel decision.